The next case on the docket is number 519-0466 Saladrigas v. City of O'Fallon Arguing for the appellant, Rogelio Saladrigas, is Donna Polinsky Arguing for the appellee, City of O'Fallon, is Brian Funk You will see the digital timekeeping device on my screen  The appellant will also have up to 5 minutes for rebuttal When time is expired, I will bang the gavel Finally, please remember no photographs and only the clerk of the court is permitted to record these proceedings today Counsel, for the appellant, you may proceed Thank you, Your Honor Your Honors, Counsel, may it please the court This case deals with an administrative fee imposed by the City of O'Fallon to individuals who are arrested for vehicle-related offenses In this particular case, Mr. Saladrigas was arrested for driving under the influence, or DUI In these situations, when the individual is arrested, their car is then towed by a city-approved tow yard and impounded until they come and pay the fees to have that vehicle released Once they have been released from jail, in order to go get their car from the tow yard they must go to the city, or if the city offices are closed, the police department and pay a $500 fee and obtain then a receipt from the city clerk and take that to the tow yard Pursuant to the ordinance, the tow yard is not allowed to release the vehicle even after their tow fees and their storage fees are paid unless the individual provides them with that receipt that they paid the City of O'Fallon $500 The petition in this case argues that that violates the petitioner's or the plaintiff's substantive due process rights because it's not rationally related to the costs incurred by the city to write that receipt for him to go and obtain his vehicle from the tow yard The order in this case, backing up, the City of O'Fallon filed a motion for summary judgment Arguments were heard on that, and the court then entered an order The first part of my job here is essentially done in that the trial court in his first paragraph of his order stated that the City of O'Fallon clearly and unmistakably intended that the ordinance in question to impose a fee and not a fine The gray area is that he goes on to state that the court, as the court reads the controlling authority the court was to disregard the plain language of the ordinance and recharacterize it as a fine contrary to the plain and ordinary language of that ordinance For the purposes of this argument, since that is not the city's argument the city's argument is that this is in fact a fine and not a fee I will address the questions involved, whether it's a fee or a fine and whether it violates substantive due process rights Obviously, the plaintiff feels that this is a fee This court, several years ago in Carter v. City of Alton found that when interpreting a municipal ordinance courts must look at the intent of the municipality as shown by the plain and ordinary language contained in the ordinance Several other cases throughout Illinois, McGrath for one, LaSalle National Bank v. City Suites for another also found that in interpreting the ordinance you must look at the plain language LaSalle went further and stated if the language of an ordinance is clear and unambiguous the court must, not can, or not recharacterize it must interpret it according to its terms The court in D.T.C.T. v. City of Chicago stated where the ordinance's language is clear and unambiguous the court will not resort to extrinsic aids of construction That's where we are here. We don't need any extrinsic aids of construction This ordinance is not unclear. It is not ambiguous The definitions that it set forth in both my brief, my reply brief, as well as the reply of the city The ordinance's terms state that it's a fee The purpose is those attributes of a fee The applicable law here would be found, I believe, in People v. Jones on whether it's a fee or a fine Again, they stated that the legislative intent or label is strong evidence but can't overcome actual attributes If that particular ordinance, there it was a statute but here it's an ordinance, so I'm going to argue ordinance If the ordinance states that it's a fee but throughout the ordinance it's stated that this is to punish the person to penalize him, to deter future crime, to show people that we're not going to put up with this then the label may not be what the ordinance clearly is The city cites McGrath quite a bit in this case There the penalty was labeled a fine but it also, I'm sorry, the court found that it was a fine but in that case the charge was also labeled a fine The court there also said that if it's a fee, it's intended to recoup costs while if it's a fine, it's a penalty or a punitive in nature and again stated that we must look at the plain and ordinary language of the ordinance It's distinguishable because it was a procedural due process argument not substantive due process argument The plaintiff there didn't believe she had notice of what she was doing was wrong, basically No cases cited by either the city or petitioner in this case in either the motion for summary judgment, in response, in either brief that has been filed state that the court should disregard the plain language of the ordinance Quite frankly, the case law is completely contrary to that that we should look at the plain and ordinary language of the ordinance Looking at this ordinance, the city ordinance states The city expends resources to process arrested persons and their vehicles operated at the time of the arrest The ordinance also states that the fee, again, labeling it throughout the ordinance as a fee not a fine, not a penalty states that the fee is based on the amount of resources expended by the police department and is designed to recoup the costs associated with processing certain arrests Nowhere in that language is it to deter crime Nowhere in any of the paragraphs of this ordinance does it say it's to deter crime Counsel, what about the city's two-tiered fine or fee, depending on how we rule The fact that it's a two-tiered system, does that not evidence an intent to punish? If every other controlling aspect of the fee and the attributes to it I would say that yes, that could be evidence of the fact that it would be a fine However, other cases that are cited in both briefs, quite frankly state that just because it's a two-tier system, or not two-tier system just because the amount of the charge varies based on the gravity of the offense means that it is clearly a fine That can be an attribute to a fine, yes But that does not mean that it is a fine, per se Thank you, Counsel Additionally, and backtracking just a bit Nowhere in the language does it say that this is a penalty or a fine Nowhere does it say that it's to punish the individual This fee does not occur after a trial A fee that's independent of a defendant being convicted of an underlying offense suggests that it's a fee, again cited in the brief A fine is after a trial, or after a finding of some sort One is not fined before there is a trial You don't go to court and already have a fine in place, then have a trial It is imposed subsequent to the seizure of one's vehicle And quite frankly, knowing how some of these cities operate it may be imposed prior to the charges even being filed with the circuit clerk depending on how each municipality and how the city of O'Fallon walks their cases over to the circuit clerk's office for filing So this is independent of any trial This is not anything related to a fine The city claims that this is punitive in nature But how can it be punitive in nature if it's before the individual is prosecuted Before the individual is found to have done something wrong Because it has all of the attributes of a fine I'm sorry, a fee Attributes of a fee It is labeled a fee I think the argument of the city would be much stronger if the city had labeled this as a fine Or somewhere in there stated this fine Everywhere in there it's an administrative fee It's an administrative fee to recoup costs That is the basic definition of a fee As a fee, this violates every individual's substantive due process rights that are arrested for a DUI or any other vehicle-related charge Because it cannot be found to be rationally related to a legitimate government interest If this fee were, let's say, $37.50 for the clerk to write that receipt out and hand it to the individual That might be considered rationally related The court in People v. Jones addressed that It was a $5 fine that was imposed on an individual The individual there argued that it was not rationally related And that it went to something unrelated to what he was arrested for I believe it was a mental health court, if I'm remembering correctly The court in Jones basically said There's no way you can argue $5 is not rationally related Or overstepping the bounds And that the defendant can't say where the money of his fines are going That's up to the ordinance Here, we're not talking $5 We're not talking $37.50 for that receipt to be written We're talking $500 for that person to walk into the city clerk's office And get a receipt and go take it to the tow yard So that they can get their vehicle that's basically being held hostage Until they get that receipt Under no circumstances can I find where $500 for this is rationally related The plaintiff has sufficiently pled that the fee is not rationally related To the cost of writing this receipt And there is a question of fact as to the reasonableness of this ordinance Therefore, summary judgment should have been denied The city here has failed, as in Carter and other cases Has failed to provide the exact cost incurred by the city If there are costs besides writing that receipt That are not recouped, for instance When a defendant is found guilty of a DUI Or pleads guilty to a DUI and pays a fine Part of that fine is given to the city For each conviction or each court supervision, probation, whatever the case may be The city has not provided anything to the court That shows that this $500 is rationally related To that clerk writing that receipt And finally, resolution of this issue requires Effectual determination as to whether or not this fee Can be considered reasonable and can be deemed rationally related To the legitimate government interest that it seeks to have And for those reasons, the plaintiff requests That the motion for summary judgment be reversed And the case be remanded back to circuit court Thank you, counsel Apple Lee Thank you, your honor May it please the court, counsel The first step in this case is to determine Whether the charge imposed under the city's former ordinance Is a fee or a fine And the Illinois Supreme Court has laid out factors To help us determine whether a charge is a fee or a fine And there's really only one factor in this case That we need to consider And it's a factor that the plaintiff failed to address in oral argument And has failed to address in his brief And that is, a charge is a fee If and only if it reimburses the government For some cost in prosecuting the plaintiff That is the dispositive issue in this case And the answer to that question is The charge in this case absolutely does not do that In any way, shape, or form And even the plaintiff's argument as to why this is a fee Acknowledges that And I'll cite from page 20 of the plaintiff's brief The plaintiff argues that The obvious intent of the ordinance Is to recover the cost associated with the arrest And impoundment of the arrestee's vehicle Whether that's the plaintiff's belief They believe it's for that purpose And not for a purely punitive purpose But that purpose means Their argument means that it is not a fee The plaintiff said Don't look to extrinsic aids In the rules of statutory interpretation But the whole case, their whole argument Is based on extrinsic aids The preamble of that ordinance Is not part of the codified language of the ordinance It's not part of the statutory language That's akin to legislative history But I'm fine with plaintiff considering the preamble Because it drives home that point That this is not about prosecution costs The plaintiff attempts to avoid that rule By expanding it And claiming that it's broader than what it is And basically misciting it in their brief And there's two problems with that First, it's misquoting the rule And, you know, for that reason I'd like to just briefly quote directly From the Illinois Supreme Court in Graves Because this is the most important And, like I said, the dispositive issue in this case And in Graves, the Illinois Supreme Court said The most important factor is whether the charge Seeks to compensate the state For any costs incurred as a result of prosecuting the defendant This is the central characteristic  And this is the most important part A charge is a fee If and only if It is intended to reimburse the state For some cost incurred in defendant's prosecution And appellate courts have gone on to say That prosecution costs is something taxed by a court Like a filing fee or a jury fee Obviously, that's not what this charge is Well, opposing counsel obviously says Look, it's labeled as a fee And because it doesn't recoup Then, you know, you violate my client's Substantive due process rights And so, I mean, you're in agreement To an extent on what's happening And the fact that it does not recoup The expenses of the city But is there anywhere in the ordinance Which actually refers to this being a fine or a punishment? No, and that's not If I were arguing on behalf of plaintiffs That's what I'd be pointing out But it's a very, very weak argument Because the Illinois Supreme Court says Despite the fact you look at the statutory language And you give the ordinary meaning to the plain language The Illinois Supreme Court says in these cases You have to look at the attributes of the charge The attributes are controlling And the Illinois Supreme Court has specifically said And I'm citing from Graves again A charge labeled a fee by the legislature May be a fine notwithstanding the words Actually used by the legislature And a case in point is Millsap Which is cited in our brief It's almost, you know, basically It's plaintiff's argument in a nutshell rejected In that case, you had a former statute That imposed a what this legislature called a fee Which was just simply an amount of money Tacked on to traffic offenses, felony offenses What have you to fund the Illinois State Police And the appellate court is the fourth district In that case said we're following Jones and Graves The Illinois Supreme Court And this is labeled a fee But it doesn't reimburse for prosecution costs Therefore, it doesn't meet the test and it's a fine And I can tell you, Justice Overstreet We've been litigating this case for a long time I've reviewed probably every case out there I've reviewed legislative history I've reviewed every home rule municipalities ordinance That has one of these And about 65% of home rule municipalities in Illinois Have an ordinance just like this And I've come to the conclusion that legislators Whether the Illinois General Assembly Or local lawmakers have no idea what a fee or a fine is And if you look at my brief I cited to a couple of ordinances I believe it was Bolingbrook, Bloomingdale, and Buffalo Grove The three Bs, I guess One called it an administrative fee One called it an administrative penalty One, Buffalo Grove, called it an administrative fee And an administrative penalty in the same sentence Or in the same ordinance If you look at the legislative history You'll see legislators, Illinois General Assembly Calling charges that were later deemed to be a fine A fee and a fine in the same sentence in the legislative debates So the attributes The city mislabeled, you know, the charge But whether they mislabeled it or not Can't overcome the actual attributes And since this has all of the attributes of a fine And none of the attributes of a fee The mislabeling is irrelevant And most importantly, going back to the prosecution cost factor That is the dispositive issue And this charge does not or did not recoup anything for prosecution costs Now, the second problem with plaintiffs' attempt to call this a fee Is that their argument that they're making Has been specifically rejected In Jones, the Illinois Supreme Court The state argued that the Illinois Police Training Act was a fee And they said it goes to fund law enforcement Therefore, it goes to fund prosecution costs And therefore, it's a fee The Illinois Supreme Court, just as the plaintiff's making the argument now Said no, that sweeps far too broadly Law enforcement costs are not prosecution costs And they rejected the argument Then, like I said, Millsap, the 4th District Followed the same exact rule Followed the Jones and Graves And said that even though the state police operations assistance fee Is labeled a fee It is a fine because it does not reimburse the state for prosecution costs And if you look at the ordinance It absolutely has nothing to do with prosecution costs This is not charging somebody a fee for the, like an administrative hearing fee That would be a fee That would be a prosecution cost This is imposing a charge because somebody violated a law Now plaintiff's saying the charge is there to generate revenue For the city's police department And plaintiff can say that The result is the same It's not a prosecution cost That's the end of the case There's nowhere else for plaintiff to go here That is the dispositive issue There's no getting around it The Illinois Supreme Court has laid down the law Laid down the rule They've rejected this argument already The 4th District has rejected this argument It's not a viable argument And for this reason alone The plaintiff cannot prevail in this case Another thing I'd like to address is The plaintiff said this in his brief as well And now in oral argument That the fee The administrative fee Which is a fine Was imposed no matter what And was imposed without a hearing I don't really understand where the plaintiff is getting that from Because that's exactly not what the statute Or what the ordinance says The ordinance says If you use your vehicle Or allow your vehicle to use In the commission of some serious crimes Like aggravated battery You know Fleeing and looting Those type of things Then you're charged An amount of money Now you have options When you're charged that amount of money Which is a penalty There's no other way to put it And you're given options A. You can admit your guilt Pay the fine And be done with it And that's what the plaintiff did in this case Alternatively You can say no I want a hearing And I'm going to prove That I didn't violate the ordinance In that situation You don't pay The fine You post a bond That bond is returned to you If you later prevail in your case Your administrative hearing If you don't It's applied The bond is shifted over And applied to the fine Just like a criminal case You also Don't pay the fine If your vehicle was stolen at the time Of the The violation So if you can prove that my vehicle was stolen And it was outside my control The innocent owner of defense You get your Get your bond back You also And this really demonstrates That it's punitive in nature The ordinance also says If you If there's a not guilty judgment in your criminal case Or whoever the violator is In the criminal case You come back, we refund your fine Now if that's not Demonstrating that it's punitive in nature That you get Returned, the fine returned If there's a not guilty fine in your criminal case I don't know I don't know what is But it is untrue That the ordinance requires The payment without any determination Of Of guilt The bond is not a payment That is automatically Given over to the city Let me ask you a question, counsel Yes You're talking about your options So if a person Comes in, say hypothetically They get a DUI On a Friday night They come in on Monday, Tuesday They pay whatever the amount is To go get their car You said they are Essentially pleading guilty, correct? If they don't Select the hearing process If they say we don't We're not electing a right to have a hearing Then it's no different than Yeah, a criminal case Where you'd be saying I pay the fine, I'm not going to Like you get a speeding ticket I'm not going to challenge it I'm going to send it in my payment I'm not challenging that But a DUI has Far more drastic Outcomes And what it may have on your Driving privileges, whatnot Than say a speeding ticket My point being, or my question is If that person Then goes to trial At a later date Is the fact That they paid that fee early on Is that used during that trial To say they admitted guilt? Things such as that? No, it is just a bond It's just an enforcement mechanism This is civil Not criminal So you're not determining whether somebody actually had a DUI This goes to the Vehicle owners And these ordinances have been challenged In the federal courts The 7th Circuit has Considered it The U.S. Supreme Court has considered it With the innocent owner provisions But it is a civil penalty For tied to Somebody using or allowing Their vehicle to be used So you're not getting convicted of a DUI You're not pleading guilty And it's not used as evidence of a DUI You are just Submitting a bond As an enforcement mechanism So you can get your vehicle back And the city can ensure payment Because in a civil Situation The city would have to go after you with a civil judgment To obtain that money Otherwise And obviously that would be very, very costly You'd be basically In court On a weekly basis Attempting to recover funds So this is a civil penalty It's not It's not a criminal penalty And the bond is not Admission of guilt And along with that The administrative adjudication You know, is another Factor that I think Demonstrates that this is punitive In nature You have an administrative adjudication system And by law, under statute The administrative adjudication Is for the purpose of imposing punishments You don't have An administrative adjudication procedure To determine whether Somebody violated an ordinance Or didn't violate an ordinance And impose one charge At the end of it, if they did And that's called a fee It doesn't exist in law It doesn't exist in Illinois law I don't think it exists in any state You don't have a hearing procedure To determine whether you're going to impose a fee These are collateral consequence Of fines And they're automatically imposed That's not what this is So the fact that there's an administrative Adjudication procedure Which is quasi-criminal Demonstrates it cannot be a fee And clearly The charge Is punitive in nature It's saying If you use your vehicle Or allow your vehicle to be used In the commission of crimes And it's proven By preponderance of the evidence Which is a civil penalty standard You have to pay an amount of money It doesn't get more To be more punitive Than that It's no different than getting a speeding ticket Or having some other Criminal offense It's a civil standard And the Seventh Circuit has held That civil penalties Can be used to supplement Criminal penalties So if a municipality wants to be tougher On certain crimes They can do that with the civil penalties And it is specifically allowed Under the Illinois Municipal Code The Illinois Municipal Code specifically allows One of the most common provisions in the Municipal Code Says that all municipalities Home rule or non-home rule Can enact and impose penalties Up to $750 So this is well within The city's rights to do this And the plaintiff May not like it But the city can use its civil Civil fines To supplement Criminal Criminal actions And to act as a further deterrent Now Really quickly Since this is a fine And there is no question it's a fine Because it does The Supreme Court rule engraves In Jones That it has to go to prosecution Costs, reimburse the state for prosecution Costs Because it fails that test It cannot be a fee That's Illinois Supreme Court law If and only if it meets that test Since it's not a Fee and it is a fine Under Illinois Supreme Court law The test is not the rational relationship test The test is Whether it's Excessive And specifically Whether it's grossly disproportionate to the offense And obviously The significant And severe criminal Issues Or criminal Laws that are involved in the ordinance Imposing a fine Of $500 and $250 Is not Grossly disproportionate And we know that because The Illinois Municipal Code allows Municipalities to go up to $750 As a matter of right And if that's not enough, there's other cases Out there, Sloper Which is one I would point to Court 2 And that's where the city of Chicago Imposed a fine, the exact same Ordinance of up to $2,000 And it was found to be not Grossly disproportionate So clearly The city's fine is not Grossly disproportionate And for that reason and that reason alone It's constitutional I'd just like to hit on the point one more time Jones and Graves lay out the rule It's got to It's got to Reimburse the city For costs of prosecuting the plaintiff And law enforcement costs Are not prosecution costs That argument's been rejected And it's no good Jones and Millsap have gone over that Because of that It is a fine And it's not grossly disproportionate And for those reasons The decision of the Circuit Court to grant summary judgment Should be affirmed Thank you Thank you, counsel Ms. Polanski, rebuttal Ms. Polanski, you're on mute Sorry about that, I didn't mute myself So I don't know how that happened In his argument Counsel argued both ways He argued that When an individual goes in And pays this fee to the city To go recoup his vehicle He admits guilt and His exact words Where the individual admits guilt And pays the fine Then later in his argument, he said That the bond, he called it a bond Is not an admission of guilt So you can't have it Both ways, either he's admitting guilt When he pays the fee Or he's not admitting guilt And this is not a fine And an admission of guilt that he has done That this is a criminal Or a fine versus a fee process This is not He states that this is imposed With a hearing It is not imposed after a hearing The person has to pay that fee Before he can get his car The hearing would come later After he has paid the fee You do not pay a fine And then have a hearing to determine Whether or not you should have been charged that fine You are fined After you have been found guilty Or have The only thing I can think of Is found guilty He likened it to getting a traffic ticket You don't pay the traffic ticket when you receive it You pay the traffic ticket either Most don't have trials But after a trial or Finding of court supervision or probation Or something to that effect It's not like a traffic ticket This is a fee, plain and simple He, like the trial court Is asking you To disregard all of the case law Including the Illinois Supreme Court Who has determined that you have to look at the totality Of the ordinance And the plain and ordinary language of this ordinance He cites Graves And states And he does, he has a great quote in Graves One line of that case On the fee if and only If it's intended to recoup The state for prosecution What he doesn't cite Is the following sentence And several other paragraphs Where the court states Other factors to consider are whether the charge Is only imposed after a conviction And to whom the payment is made This is Graves citing Jones So again Their case goes on And determines Whether a fee is a charge for labor Or services, especially professional services Where a fine Is a pecuniary Criminal punishment Citing Black's Law Dictionary I'm not exactly sure Why Graves said if and only if Because then they go on to explain That there are other factors That determine whether this is a fee or a fine Hanging the hat On just that one sentence Of that one case Quite frankly is wrong Because the rest of the case law State that you have to look at everything In totality And you have to look at what the fees are Or the costs are What this charge is to do Is it to punish or is it to recoup costs This one is to recoup costs As counsel said He's reviewed all the case law I've been here several times on this This is the sixth argument on this Technically I've read all the case law As well Fines are pecuniary Fees are labeled fees when they're fees And they have attributes of fees It can't get I can't explain it any differently I'm not sure how This can be determined a fine When there is nothing in it that is Attributable to a fine He Cited Millsap And Millsap is controlling In one sense But what he failed to mention is Millsap That particular fine Was imposed after conviction Not prior to even being Prosecuted A clear and huge distinction In my opinion and I apologize If it's not the opinion of the court But it's a huge distinction to me That I would believe That this would be a fine If the city of O'Fallon imposed it After a defendant pled guilty Or was convicted I think then it would be very clear The fact that it is imposed after arrest And prior to any prosecution Cannot be deemed It cannot be deemed a fine Uh And it is a prosecution Cost The city Is expending money According to what the ordinance reads In These kinds of offenses and charges That's in prosecuting They're prosecuting They might not be the prosecutor But they are going forward With the prosecution of this offense And I see my time is up Thank you counsel The court will take the matter under advisement And issue its decision in due course Thank you Thank you for your argument